UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CAROLYN OLIVER                                                                                           PLAINTIFF

v.                                                                                  CIVIL ACTION NO. 3:04CV-474-S

UNITED STATES OF AMERICA                                                                        DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on motion by the defendant, the United States of America, for summary judgment. The defendant operates the Executive Branch Department of Veterans Affairs ("VA"), which is charged with providing medical care to qualified military veterans and their spouses. This case essentially involves the plaintiff's medical malpractice claims against the VA. For the reasons set forth below, the defendant's motion will be **GRANTED** on all claims.

FACTS

The plaintiff ("Ms. Oliver") was a patient of the defendant ("VA"), receiving care and treatment through its agents and employees. Ms. Oliver, who was complaining of severe chest pain, went to the VA hospital on April 24, 2003. The VA physician examined her, gave her medication, advised her to visit her regular doctor as soon as possible, and then released her. On May 1st, Ms. Oliver saw her physician, Dr. Nanda, regarding her previous chest pain. He admitted her to the hospital, where she underwent a catheterization on the following day.

Ms. Oliver has instituted several medical malpractice claims arising from this incident. She claims that the defendant and its agents negligently failed to diagnose, treat, and prescribe the appropriate medication for her condition. As a result of this alleged negligence, Ms. Oliver claims that she has suffered severe and permanent injuries. She seeks compensatory damages for medical expenses, loss of income and earning potential, and pain and suffering, as well as payment for interest and costs.

## DISCUSSION

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party bears the burden of establishing these elements. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Not every factual dispute between the parties prevents summary judgment. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). To preclude summary judgment, the disputed facts must be material, such that "they might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The dispute must also be genuine, such that "if the facts were proven at trial, a reasonable jury could return a verdict for the non-moving party." *Id.* "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp.*, 822 F.2d at 1435. In making these determinations, the court views all facts and inferences in a light most favorable to the nonmoving party. *Id.* After evaluating the instant motion using this standard, the court will grant the defendant's motion.

Ms. Oliver's medical malpractice claims fall within the purview of the Federal Tort Claims Act ("FTCA"), which waives the federal government's sovereign immunity for tort actions. *See* 28 U.S.C. § 2671, *et. seq*. "[T]he test established by the Tort Claims Act for determining the United States' liability is whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred." *Rayonier, Inc. v. U.S.*, 352 U.S. 315, 319, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957). Thus, the court must look to the law of Kentucky, where the relevant acts occurred.

In Kentucky, "[t]he rule in malpractice cases is that negligence must be established by medical or expert testimony unless the negligence and injurious results are so apparent that laymen with a general knowledge would have no difficulty recognizing it." *Harmon v. Rust*, 420 S.W.2d 563, 564 (Ky. 1963). The instant case is not the type that can be proven without expert testimony. Ms. Oliver alleges severe and permanent coronary injuries, which are simply not the kind of injuries "so apparent that laymen with a general knowledge would have no difficulty recognizing it." Her negligence claims focus specifically on medical procedures, the prescription of certain drugs, and other highly technical issues. She presents the typical medical malpractice claims noted above, those that require substantiation by expert testimony.

Kentucky courts squarely place "the burden of proof upon the plaintiff to prove the negligence of the physician . . . and that such negligence was the proximate cause of [the] injury and damages." *Stacey v. Williams*, 69 S.W.2d 697, 705 (Ky. 1934).

> It is beyond dispute that causation is a necessary element of proof in any negligence case. It is an accepted principle that in most medical malpractice cases, proof of causation requires the testimony of an expert witness because the nature of the inquiry is such that jurors are not competent to draw their own conclusions from the evidence without the aid of such expert testimony.

*Baylis v. Lourdes Hospital, Inc.,* 805 S.W.2d 122, 124 (Ky.1991) (citations omitted). In accordance with this principle, the court ordered the parties to furnish information regarding their expert opinions:

> Reports from retained experts under Rule 26(a)(2) shall be furnished by plaintiff to defendant by no later than July 15, 2005, and by defendant to plaintiff by no later than September 15, 2005. *With respect to each treating physician who is expected to testify* at trial in person or by deposition, the party who will call the witness shall *disclose in writing the substance of the facts and opinion to which the physician is expected to testify and a summary of the grounds for each opinion.* This requirement may be satisfied by furnishing a report signed by the treating physician or by a narrative disclosure. No deposition of any treating physician shall be conducted until after the required disclosure is made.

(DN 7, ¶ 2) (emphasis added). Ms. Oliver has failed to establish her *prima facie* case because she has not complied with the required expert disclosure. Her minimal disclosures do not articulate any

opinions alleging negligence by the VA or its employees. Rather, she merely indicates that these experts will describe her condition and treatment. The disclosures do not reveal any criticism of the care provided by the VA hospital. They simply state: "Dr. Nanda . . . will testify as to Plaintiff's condition on May 1, 2003, its origins, length and urgency of Plaintiff being hospitalized; and Dr. Masden (deceased) . . . [whose] associates [are expected] to testify as to the result of the catheterization they performed, the EKG they performed and the results for immediate imposition of stints and why it had to be done on the basis it was done." (DN 12, ¶¶ 1-2 ). These statements do not reveal "the substance of the facts and opinion to which the physician is expected to testify and a summary of the grounds for each opinion" as required by direct order of the court.

In addition to the court's order, the parties explicitly agreed that "[r]eports from Plaintiff's retained experts under Fed. R. Civ. P. 26(a)(2) shall be due on or before July 15, 2005." (DN 5, ¶ 3. f.) Thus, disclosure was required by agreement of the parties, order of the court *and* prior case law. Ms. Oliver's failure to comply with these disclosure requirements is fatal to her claims.[1] Absent expert opinion to substantiate Ms. Oliver's negligence claims, the court must dismiss them. The plaintiff has failed to establish a *prima facie* case or to provide sufficient evidence to create a genuine issue of material fact.

For the reasons set forth above, the court will grant the defendants' motion for summary judgment on all claims in this case. A separate order will be entered herein this date in accordance with this opinion.

---

[1] In her brief, the plaintiff notes "that the mandatory disclosure requirements apply only to experts who are actually expected to testify at trial." She argues that experts merely consulting in trial preparation as well as treating physicians may be excluded for purposes of the mandatory disclosures. This argument misses the point. If Drs. Masden and Nanda were not expected to testify or if they were merely serving as "fact witnesses," then Ms. Oliver is still in violation of the court's order because she has made no expert disclosures. As already discussed, the law requires expert testimony to substantiate her medical malpractice claims. Her disclosures with regard to Drs. Masden and Nanda are insufficient and she has failed to name any other experts whom she does expect to testify at trial. Thus, she cannot establish the necessary elements of her *prima facie* case.